STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

THOMAS R. GREEN (CABN 203480)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    thomas.green@usdoj.gov

Attorneys for United States of America

FILED
Jun 30 2021
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 4-21-70946 MAG |
|     Plaintiff, | |
|     v. | **STIPULATION AND ORDER EXCLUDING TIME UNTIL JULY 15, 2021** |
| KARDELL SMITH, | |
|     Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Northern District of California and Assistant United States Attorney Thomas R. Green, and defendant Kardell Smith (Smith or defendant), by and through his counsel of record, Joyce Leavitt, hereby stipulate as follows:

    1.    On June 7, 2021, the Honorable Donna M. Ryu signed a federal criminal complaint charging defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On June 10, 2021, defendant made his initial appearance and was advised of the charge on the criminal complaint. At a June 16, 2021 appearance the defendant waived findings and a hearing regarding

detention and the Court ordered defendant detained. The parties further set this matter for a status appearance regarding preliminary hearing or arraignment on June 30, 2021.

2. On June 30, 2021 the parties appeared for a status conference and agreed to set this matter for a further status conference regarding preliminary hearing or arraignment on July 15, 2021. The parties further agreed and the Court ordered that time should be excluded under the Speedy Trial Act for effective preparation of the defense and the defendant waived time as to calculations pursuant to Rule 5.1 as it relates to the timing of an indictment or preliminary hearing. The Court asked the parties to prepare a stipulation and proposed order excluding time under the Speedy Trial Act and pursuant to Rule 5.1, and the parties now submit this stipulation and proposed order to document their agreement and request a written order excluding time as previously referenced at the appearances in this matter.

3. The government has produced discovery relating to defendant's arrest and criminal history and defense counsel had requested time to review the discovery and meet with defendant to discuss the evidence in this case.

4. The present rules governing and limiting visits to Santa Rita Jail in light of the coronavirus pandemic, and the need for the defense to schedule meetings with defendant further support the requested continuance. Thus, with the consent of defendant, counsel for defendant represents that additional time is necessary to review the discovery in this action, confer with defendant, conduct and complete an independent investigation of the case, and prepare for trial in the event that a pre-indictment resolution does not occur.

5. The defendant has been advised of his right under 18 U.S.C. § 3161(b) to be charged by information or indictment with the offense alleged in the pending criminal complaint and that defendant knowingly and voluntarily waives the time to be charged by indictment or information from Speedy Trial Act calculation until June 30, 2021, and waives the timing for a preliminary hearing under Federal Rule of Criminal Procedure 5.1 for the time period of June 30, 2021, until the requested status hearing date of July 15, 2021.

6. For purposes of computing the date under Rule 5.1 of the Federal Rules of Criminal Procedure for preliminary hearing, and the date under the Speedy Trial Act by which defendants must be charged by indictment or information, the parties agree that the time period of June 30, 2021, to July 15,

2021, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(b), (h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendants' request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendants in the filing of an information or indictment within the period specified in 18 U.S.C. § 3161(b); and (ii) failure to grant the continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which an information or indictment must be filed.

8. Defense counsel represents that she has discussed the exclusions of time with defendant and the defendant agrees to the terms set forth in this stipulation. The undersigned Assistant United States Attorney certifies that he has obtained approval from counsel for the defendant to file this stipulation and proposed order.

IT IS SO STIPULATED.

DATED: June 30, 2021

Respectfully Submitted,

STEPHANIE M. HINDS
Acting United States Attorney

/s/ *Thomas R. Green*
THOMAS R. GREEN
Assistant United States Attorney

/s/ *Joyce Leavitt*
JOYCE LEAVITT
Attorney for Kardell Smith

# ORDER

The Court has read and considered the Stipulation and Proposed Order to Exclude Time in this matter. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, as well as to waive the timing for preliminary hearing or Indictment under Rule 5.1 of the Federal Rules of Criminal Procedure.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendants in the filing of an information or indictment within the time period set forth in 18 U.S.C. § 3161(b); and (ii) failure to grant the continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

The Court sets this matter for a status hearing regarding preliminary hearing or arraignment on July 15, 2021. The time period of June 30, 2021 to July 15, 2021, inclusive, is excluded in computing the time within which an information or indictment must be filed under 18 U.S.C. § 3161(b), and the time by which any trial must commence pursuant to the provisions of 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv). The Court also finds that defendant waives the timing by which a preliminary hearing must be held pursuant to Rule 5.1 of the Federal Rules of Criminal Procedure for the time period of June 30, 2021 to July 15, 2021. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which an information or indictment must be filed.

IT IS SO ORDERED.

June 30, 2021
DATE



_____
HONORABLE DONNA M. RYU
UNITED STATES MAGISTRATE JUDGE